Jantra Van Roy, Esq.
Jonathan M. Robbin, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Defendants Countrywide Bank FSB, Bank of America Corp. as successor in interest to Countrywide Bank FSB*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEODAT PHURKOTUM,<br><br>        Plaintiff,<br><br> - against –<br><br>TROY GORE, FIDELITY MORTGAGE SERVICES INC., COUNTRYWIDE BANK FSB, BANK OF AMERICA CORP. as successor in interest to Countrywide Bank FSB,<br><br>        Defendants. | Case No: 09 CV 2265(SJ) (RER)<br><br>**ANSWER** |

    Defendants Countrywide Bank FSB and Bank of America Corp., as successor of interest to Countrywide Bank FSB (together the "Countrywide Defendants"), by their attorneys, Zeichner Ellman & Krause LLP, answer the Complaint, upon information and belief, as follows:

    1.  They deny each and every allegation contained in paragraphs 1, 2, 3, 4, 10, 12, 18, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, and 71 and refer all conclusions of law to the Court.

2. They deny each and every allegation contained in paragraphs 25 and 26.

3. They lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 5, 7, 11, and 16.

4. They deny each and every allegation contained in paragraph 8 except that Defendant Countrywide extended or offered to extend consumer credit for which a finance charge was or may be imposed or which, by written agreement, was payable in more than four installments.

5. They admit the first sentence of paragraph 19 and deny each and every allegation contained in the remainder of paragraph 19.

6. They admit paragraphs 6, 9, 14 and 17.

7. They deny each and every allegation contained in paragraph 13 except, they admit that on or about March 19, 2007 Countrywide Bank FSB lent Plaintiff the sum of $442,500.00, secured by a mortgage, in connection with refinancing an existing loan and refers the Court to the documents, including the HUD-1 for their contents.

8. They admit paragraph 15 except they lack sufficient knowledge or information to form a belief as to whether 109-19 114th Street, South Ozone Park New York 11420, was used as Plaintiff's principal dwelling.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  Plaintiff fails to state a claim against the Countrywide Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.  Any damages allegedly sustained by Plaintiff were caused by superseding and/or intervening acts of third parties, and not by the Countrywide Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.  The damages claimed by Plaintiff are too speculative to support a cognizable claim for relief.

### FOURTH AFFIRMATIVE DEFENSE

4.  Plaintiff fails to state a claim upon which declaratory relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff's action is barred because he ratified the agreement.

## SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff has failed to plead the cause of action relating to alleged fraud with sufficient particularly as prescribed in Federal Rule of Civil Procedure 9(b).

## SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff has failed to, refused and/or neglected to take reasonable steps to mitigate his damages, thus reducing or diminishing recovery by him.

## EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's claims and/or requested relief are barred, in whole, or in part, by his own intentional, negligent or otherwise culpable wrongdoing.

## NINTH AFFIRMATIVE DEFENSE

9.  Some or all of plaintiff's claims are barred, in whole, or in part, because plaintiff acquiesced in or consented to the acts and omissions alleged in the complaint, by accepting any and all loan terms and conditions disclosed.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff fails to state a claim for the recovery of attorney fees.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff fails to set forth sufficient facts to state a claim under TILA.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's Truth in Lending Act ("TILA") claim is time barred because the claim is brought longer than one year from the date of settlement.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     At all relevant times, the Countrywide Defendants maintained reasonable procedures to ensure compliance with the provisions of TILA, Regulation Z and all applicable laws, and therefore are exempt from any and all liability pursuant thereto.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff fails to state a claim for punitive damages.

WHEREFORE, the Countrywide Defendants demand judgment

(1) dismissing Plaintiff's Complaint in its entirety;

(2) for such other and further relief as is just and proper.

Dated: New York, New York
September 14, 2009

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Jantra Van Roy, Esq.
Jonathan M. Robbin, Esq.
575 Lexington Avenue
New York, New York 10022
(212) 223-0400
(212) 753-0396

558074

*Attorneys for Defendants Countrywide Bank FSB and Bank of America Corp., as successor of interest to Countrywide Bank FSB*